ROBERT A. STEWART, appellant,

*v.*

THE EXCHANGE BANK OF MANNINGTON et al., respondents.

A deed which, *when drawn,* was intended by the grantor to operate to put his property out of the reach of his creditors, will not be set aside as fraudulent if it appears that, at the time of *its delivery and acceptance by the grantee,* the sole object of both the parties to the instrument was that it should be held by the grantee as a security for the payment of a debt due from the grantor to a third person.

On appeal from a decree in *Exchange Bank of Mannington* v. *Baker,* advised by Vice-Chancellor Bird.

*Mr. Carroll Robbins* and *Mr. Samuel S. Mehard,* for the appellant.

*Mr. Henry S. Alvord,* for the respondents.

The opinion of the court was delivered by

GUMMERE, J.

The bill in this case was filed by the Exchange Bank of Mannington and others, creditors of one Horace D. Baker, for the purpose of having declared fraudulent, as against creditors, a certain deed made by Baker to the appellant, Robert A. Stewart, for lands in Cumberland county. On the final hearing of the cause a decree was made setting aside and annulling said deed, on the ground that it had been made and executed with intent to defraud the creditors of Baker, and particularly with intent to defraud the complainants.

In our opinion the testimony in the case does not justify the conclusion reached by the vice-chancellor. Shortly before the execution and delivery of the deed, and on the 19th day of February, 1894, Baker deposited with the Norfolk State Bank of Norfolk, Nebraska, a draft on a New York bank for $3,401.29. Stewart, who was his brother-in-law, was the cashier of the Norfolk bank, and permitted him to draw against the deposit to the extent of $1,700, without first ascertaining whether the deposited draft was good. It turned out to be a forgery, and the Norfolk bank lost the money which it had paid out against the deposit. Shortly after this loss was incurred, Baker sent to the bank the joint note of himself and wife, for $1,700, dated February 26th, 1894, to cover the amount which he had drawn against the forged draft. On the 23d day of February, 1894, the deed under consideration was executed by Baker and his wife, and, on the same day, was sent to the office of the clerk of Cumberland county for record. A few days prior to this, however, and before it was known by Stewart that the draft deposited in the Norfolk bank was a forgery, Baker had informed him that he contemplated transferring to his wife the property which is embraced in the deed, and requested him to act as the conduit in the transfer. On the day after the execution of the deed, though, Baker wrote to Stewart instructing him to hold the deed as security for the payment of the $1,700 note, given by the former and his wife to the Norfolk bank, as

Stewart v. Exchange Bank of Mannington.

already stated; and Stewart, when he subsequently received the deed (which was forwarded to him by mail after its record), placed it in the "collateral case" of the bank as such security.

Some months after the delivery of the deed Stewart, apparently at the request of the Norfolk bank, personally guaranteed the payment of the Baker note, and he claims by his answer to hold the deed as trustee to secure the bank against loss on the note, and also for the purpose of protecting himself on his guaranty.

So far as his claim to hold the deed as trustee for the bank is concerned, we think it is fully supported by the evidence. Admitting that the testimony warrants the conclusion that, at the time the deed was *drawn* the purpose of Baker was to put the property conveyed thereby in his wife, using Stewart as a conduit, it is manifest that, at the time of its *delivery and acceptance*, this purpose had been abandoned, and that the sole object for which the deed was delivered by Baker and accepted by Stewart was to secure the Norfolk bank against loss on the payments which it had made.

The deed, although made to Stewart personally, is, in reality, held by him as trustee for the bank, and, although an absolute conveyance on its face, is, in equity, a mortgage securing the payment of the indebtedness of Baker to the bank. Whether Stewart would be entitled to be subrogated to the rights of the bank, in case he should pay the amount due on the note in discharge of his guaranty, and hold the deed as security for the repayment of the amount, it is not necessary now to decide. That condition of affairs has not yet arisen, and it is quite possible that he may never be called upon to make good his guaranty.

The decree below should be reversed and a decree entered dismissing the bill of complaint, with costs.

*For reversal*—DIXON, GARRISON, GUMMERE, LIPPINCOTT, MAGIE, BOGERT, DAYTON—7.

*For affirmance*—VAN SYCKEL, BARKALOW, HENDRICKSON, KRUEGER, NIXON—5.